**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CORTEZ GORDON, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DWAYNE CURTIS WEEDON, JR., ON BEHALF OF THE ESTATE AND HIS SURVIVORS,**

**Plaintiff,**

**v.** **Case No. 8:26-cv-1476-JLB-AAS**

**FLORIDA DEPARTMENT OF CORRECTIONS, et al.,**

**Defendants.**
**_______________________________________/**

**ORDER**

Defendants Rita Juisti and Dylan P. Kennedy move to stay all pre-trial requirements and deadlines pending the disposition of the defendants' motion to dismiss (Doc. 23). (Doc. 31). The motion is unopposed.[1] (Doc. 31, p. 9).

A district court has broad discretion in regulating discovery. *See Moore v. Potter*, 141 F. App'x 803, 808 (11th Cir. 2005) (holding the district court did not abuse its "broad discretion" when entering stay to resolve motion to dismiss). The Eleventh Circuit instructs that facial challenges to the legal

[1] The motion to stay is docketed under seal as an ex parte motion. This Order directs the Clerk to remove the seal and ex parte designation because the plaintiff agrees with the motion to stay.

sufficiency of a claim or defense should be resolved before discovery begins. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

The "party seeking the stay must prove good cause and reasonableness." *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, No. 7:08-CV-32-HL, 2008 WL 4544470, at *1 (M.D. Ga. Oct. 10, 2008) (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)) (internal quotation marks omitted). In reviewing such facial challenges, a court must take a "preliminary peek at the merits of the dispositive motion to assess the likelihood that such motion will be granted." *Id.* To determine whether a stay is appropriate, a court must "balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.*

The gravamen of the defendants' motion to dismiss is that qualified immunity grants the defendants immunity from suit. *See* (Doc. 23). Without remarking on the merits of the defendants' motion to dismiss, the court finds good cause for a temporary stay of discovery and all pre-trial deadlines pending the disposition of the defendants' motion to dismiss. *See Rich v. City of Jacksonville*, No. 309-CV-454-J-34MCR, 2010 WL 1141556 at *1 (M.D. Fla. Mar. 23, 2010) (granting the unopposed motion to stay where the defendants raised the defense of qualified immunity in their motion to dismiss). The

motion to dismiss presents a nonfrivolous challenge to the plaintiff's claims. Although such a stay will delay discovery, the resulting harm is minimal when compared to the benefits of saved time, money, and resources in the event the court determines the plaintiff's complaint is subject to dismissal.

Accordingly, the defendants' unopposed motion to stay all pre-trial deadlines (Doc. 31) is **GRANTED**. All pre-trial deadlines are **STAYED** pending the court's ruling on the defendants' motion to dismiss (Doc. 23). The Clerk is directed to unseal the motion and remove the ex parte filing designation.

**ORDERED** in Tampa, Florida, on July 31, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge